We have four cases on our calendar this morning, patent case from the district's court, tax case from the Court of Federal Claims, veterans case from the Court of Appeals for Veterans Claims, and government employee case from the Merit Systems Protection Board. The latter will be submitted only in the briefs and therefore not the arguments. Accordingly, our first case is Morris Reese v. Verizon California and AT&T California, 2012-10-48. Ms. Huey, sorry. Good morning. May I please the court? My name is Rachel Huey and I represent the appellant, Morris Reese. I would like to reserve five minutes for rebuttal. This court should reverse the district court's decision below because the district court erred as a matter of law in finding that collateral estoppel applied to bar the question of whether the defendants in this case infringe claims 23 and 32. Would you agree that if the stipulation had said that the defendants do not infringe these two claims and that that shall have collateral estoppel effect, that that would be the end of it, that it then would have collateral estoppel effect? Your Honor, that would be obviously a much closer call. The court would still have to decide whether the same issue is in dispute, claims 23 and 32. Well, what's the answer to my hypothetical? Your hypothetical question, I don't think I can agree to that only because the defendants are different in this case than in the prior case. And the question is, do the defendants in this case infringe method claims 23 and 32? So the question would have to be, is the same issue in dispute? Well, let's assume it's the same product involved in both cases, but different defendants. And the stipulation was explicit that such and such products do not infringe these claims and that this shall have collateral estoppel effect. There's no doubt that under those circumstances there would be collateral estoppel effect, correct? If there was no issue in dispute about the product being the same, then yes. Okay. So the question then becomes, how do we read this stipulation? Correct. Assuming the products are the same, which as I said, it's method claims 23 and 32 and different defendants. So I don't know that the court can make that assumption, but for your hypothetical. You don't say much about that in brief. Talk about it being the same technology or whatever. It's confusing to me as to whether the circumstances of the alleged infringement are the same or not the same. Right. Well, frankly, it's because the case was dismissed so early there was never any fact-finding on that issue. Okay. But you didn't raise that below as a defense to the collateral estoppel? No. Okay. So appellees don't rely on the doctrine of res judicata in this case. They don't suggest that the defendants are the same. They don't suggest there's privity between the defendants. Why don't you turn right to the stipulation and tell us, with regard to the language in paragraph 1 versus 2, how they differ and how you think claims 23 and 32 are not subject to collateral estoppel. Sure. Do you agree that the other claims of the 150 patent that are enumerated in paragraph 1 are subject to collateral estoppel? Subject to Judge Dyke's hypothetical. Yes. Same product. Okay. They would be. But you believe that there's a difference between the language in paragraph 1 and paragraph 2 such that the collateral estoppel that was stipulated to doesn't apply to collateral to paragraph 2. Absolutely. There is a difference between those paragraphs. I agree with that. Yes. And the issue of infringement of claims 23 and 32 was not decided by the district court and it was not stipulated to by the parties in the stipulation. Obviously, the parties in the Southwestern Bell case were capable of stipulating to non-infringement of claims 23 and 32 and they chose not to do that. Why would you have that second sentence in paragraph 4 if it wasn't designed to create some collateral estoppel effect in general with respect to the final judgment? Sure. Your Honor, I think you're referring to the language that it shall constitute a final judgment on the merits of plaintiff's claims for purposes. Yes. Okay. The language from the stipulation merely means that res judicata and collateral estoppel can be met when the legal requirements are met. And that is to say both res judicata... That's an awfully cramped interpretation. Both res judicata and collateral estoppel require that there be a final judgment on the merits. That's in the four-part test for collateral estoppel, that's element 3. And for the three-part test of res judicata, that's element 2. Maybe I misunderstood, but I thought your argument was paragraph 4 applies, creates collateral estoppel for the final judgment, but there's only a final judgment on the claims in paragraph 1. The claims in paragraph 2 were not subject to final judgment, they were dismissed. Yes, Your Honor. So I thought that I understood your argument, and you seem to be saying something different to Judge Steinberg. I want to make sure I understand your argument. I thought your argument was paragraph 4, yes, it creates collateral estoppel, but only to the claims subject to the final judgment, and claims 23 and 32 were not. They were dismissed. The... I'll try to be more clear. The issue of... Do I misunderstand your argument? Yes, I believe so. The issue is, was the issue decided? It's separate from the issue of was there a final judgment. And there was a final judgment, as the courts have recognized that there is a final judgment in this case. But the question of whether the claim... the question of infringement of claims 23 and 32 was not decided. The court said this stipulation resolves all claims and counterclaims. And they stipulate that the entry of final judgment from this stipulation shall constitute a final judgment on the merits for purposes of race judicata and collateral estoppel. And I go back again, all claims. Yes, Your Honor. Didn't that include claims 23 and 32? Yes, Your Honor. There was a final judgment on the merits. But the question is, was the issue decided? There are two separate... Decided by what? By the stipulation or at some earlier stage in the case? Decided by the stipulation, not an earlier stage in the case. It wasn't decided in an earlier stage of the case, but it's not necessary that it be decided in an earlier stage of the case, right? Correct. I still am misunderstanding and sort of baffled. You're saying there is a final judgment as to claims 23 and 32? They were dismissed with prejudice with respect to the parties in the Southwestern Valley. No, dismissed with prejudice isn't final judgment. Those are two different things. I mean, look in the first sentence of the stipulation where you say, you move for entry, a final judgment of non-infringement of certain claims, and dismissal of the remaining claims. Why is this not, according to its literal language, half a final judgment and half a dismissal? I will agree with that. The question of infringement of those claims, one, and then the other claims, there is non-infringement and that is a final judgment. The parties stipulated to the final judgment, the court entered it. The parties also stipulated to dismiss claims 23 and 32 with prejudice. But they are not finally adjudicated pursuant to a final judgment. They are dismissed, and a dismissal is not the same thing as a final judgment, correct? Yes. Okay, so my whole thing that I said before about the difference between paragraph 1 and 2, and you said I don't think I can agree with that, you actually mean I can agree with that. Yes, I believe that's right, Your Honor. Thank you. Why is a dismissal not a final judgment? I mean the intent was to resolve the issues with respect to all the claims and counterclaims. Why isn't a dismissal a final judgment? It has to be for purposes of an appeal, right? That's right, Your Honor. For purposes of appeal, the case is final with respect to those parties. But the issue of infringement of claims 23 and 32 was not decided in that case. And that's exactly what the So there isn't a final judgment on those that they were dismissed? Yes. Correct. You can dismiss claims, and that doesn't mean it's a final judgment, correct? Yes. Okay. Well, why is that? I don't understand that. If you dismiss claims, why isn't that a final judgment? Let's suppose all you did in the case, you had these claims about these 23 and 32, and you dismissed those claims. Why wouldn't that be a final judgment? Well, the case has ended, so it's a final case. And courts are loose with their language. It would be a final judgment to the extent that the case is over, but it doesn't mean that the court has passed on the substance of those particular claims. So the case is over between the parties. Of course it doesn't mean the final judgment in and of itself doesn't mean that the court has passed on the claims, but the question is what's the effect of this language about giving a collateral estoppel effect? And I'm at a loss to understand why there's a distinction in terms of there being a final judgment between some of the claims and the other claims. As to all of them, there was a final judgment which resolved the controversy, right? The controversy was resolved between those parties, but no one, neither the parties nor the court, ever passed on the merits of Claims 23 and 32. But you brought them, and you could have litigated them. Yes. That's correct, Your Honor. Both parties. So why aren't you estopped? Because the issue was never decided. That's the whole confusion. It's not a res judicata case. Res judicata applies to claims that you brought and that you could have pursued but chose not to. Collateral estoppel in a different case with respect to different parties only applies if the substance of the issue was resolved, either by the parties in a stipulation or by the court in a final decision. That's exactly what the Supreme Court's Lawler case says, that under the doctrine of res judicata, a judgment, quote, on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit. And that's the whole point. The Lawler case goes on to say, recognizing this distinction, the court below concluded no question of collateral estoppel by the former judgment is involved because the case was never tried and therefore was not. Therefore, such finding of fact which will preclude the parties to that litigation from questioning the finding thereafter. That's exactly what the Supreme Court said in Lawler, and that's exactly what the Supreme Court has recognized in Arizona and international building, and that's what the Ninth Circuit recognized in the Amato case and the Daly case. But there are cases that recognize also that you can have collateral estoppel effect with respect to an issue that wasn't litigated if the parties have stipulated the collateral estoppel effect. Absolutely. In one of our predecessor court's decisions, and it's called Yachts America, the parties agreed to dismiss all issues with prejudice, and that was held to have collateral estoppel effect as to all issues later on in the second lawsuit. So the question is how do we interpret this paragraph 4 here, which is perhaps not easy, but that's the issue. Certainly. In this case, in this court, you know, recognizes much in Foster and said that consent judgments giving rise to collateral estoppel effect must be narrowly construed. If there's any ambiguity in the… Well, it's not just this court, right, but California law says that, and we're governed by California law, and all of the California law stipulation cases say that if there's any ambiguity, you've got to construe it narrowly. Exactly, Your Honor. That's exactly correct. The question is was it… First of all, I don't believe there's ambiguity. The parties specifically carved out claims 23 and 32. Both the defendant and Mr. Reese agreed to dismiss those claims with prejudice but not have them decided, not have them decided, not stipulate non-infringement. And the district court agreed. The district court didn't make findings. And so in this case, the appellees are not arguing that collateral estoppel should apply to claim construction. They're saying that Mr. Reese shouldn't be able to assert these claims against these defendants, different defendants than in the prior case, even though there's been no decision on the merits, no decision on the question of infringement of claims 23 and 32. That's an open issue. Ms. Hughley, you wanted to say five minutes?  Yes. Thank you, Your Honor. If there are no further questions. Mr. Songer. Good morning, Your Honor. Michael Songer for Appellees Verizon California and AT&T California. You are not a stop for making your argument. Thank you very much. Turning to the stipulation that we have in front of us, the parties entered into that agreement after the claim construction ruling and it is clear… And the claim construction ruling on claims 23 and 32, as I read it, was actually incredibly favorable for Mr. Reese, wasn't it? I would disagree with that, Your Honor. He got everything he asked for in claims 23 and 32, unlike the other claims. There were terms construed. So he got everything he asked for. They were construed in his favor, but we still had arguments. But these claims were all construed in his favor. So I certainly understand why one would stipulate non-infringement after a claim construction is not favorable to you. And, in fact, that's clearly what Mr. Reese did with regard to the other claims listed in paragraph 1. You all dominated claim construction on those, and he then stipulated non-infringement. But on claims 23 and 32, he prevailed on the claim construction argument. So why should we interpret his statement as a stipulation of non-infringement? Because even though with your argument that he prevailed, he still dismissed them with prejudice on the merits. He dismissed all of the infringement claims related to those. But dismissal with prejudice is not the same thing as a stipulation to a particular issue having been decided. Maybe he stipulated because it was de minimis. Maybe he stipulated because you're too big of a behemoth to go up against. Maybe he stipulated because you had a strong validity case, which I bet you did. Maybe he stipulated for a bunch of reasons, but collateral estoppel is issue-specific. Yes, Your Honor. So why should we assume he stipulated because of non-infringement? For claims 23 and 32? It's beyond a stipulation because in the stipulation, he dismissed them with prejudice. He dismissed them on the merits, and he dismissed all infringement claims. And those words, which are in paragraphs 2 and 4, are important for interpreting that. A dismissal of all claims, all infringement claims. That was the dismissal with prejudice of all infringement claims. Well, I mean, you know, there's a canon of statutory and contract interpretation that says, you know, if different words are used in different sections, we presume they're meant to have different meaning. So if he meant for a final judgment to be implicated on non-infringement with regard to all of the claims in the same exact patent, why are there two separate paragraphs that use different language? Your Honor, it's because of the history of Mr. Reese and his patents and asserting them against the telephone industry. As we pointed out, this was one of many suits Mr. Reese asserted against the service providers, the clienteer, the vendors, suppliers. Why does that have to do with anything? You guys would have drafted a single paragraph that said all of the claims asserted of the 150 patent are finally adjudicated to be non-infringed. Because this one set of claims were meant to be preserved to go up on appeal on claim construction. The other set not at issue here. The set of claims, 23 and 32 at issue here, were meant to be disposed with finally. That's why they were written differently. One set was meant to go up on appeal and one set was meant to be disposed of finally, dismissed with prejudice, for collateral estoppel purposes, issue preclusion, raise judicata, etc. That's why they were written differently. Then why wouldn't you use the language, that entry of final judgment of non-infringement? That's the language of Paragraph 1, that's the language of Paragraph 4, but that's not the language of Paragraph 2. No, Your Honor, because we wanted something stronger, which was a dismissal with prejudice of all the infringement claims on the merits. How is a dismissal with prejudice stronger than final judgment of non-infringement? In what way does it give you added rights? I believe they're equal, Your Honor, because there are many cases that say a dismissal with prejudice is final judgment. It operates as final judgment, so in that manner they're equal. Why wouldn't you use those words? You used those words in Paragraph 1. If you think they're equal, why wouldn't you use the same words in Paragraph 2? You chose to use different words. I think we need to give those different meanings. Your Honor, the reason why the paragraphs are set up differently is to allow one set to go up on appeal. That's the stipulation of non-infringement. Would you not have been able to go up on appeal if you said final judgment of non-infringement? We would have been, Your Honor. There's no difference in the rights attendant under either set of circumstances. So why did different words get used? Because the parties meant to make clear that one set could go up on appeal, but the other set were to be disposed of finally as to having asserted them for this case, other cases, all parties. That's why they were written differently, Your Honor. Could I ask you to back up a moment and tell me what the state of play was at the time the stipulation was entered? What had happened in the case? It had been going on for roughly two years. There was discovery, obviously. There were infringement contentions and validity contentions that were supplied. And there were infringement contentions with respect to Claims 23 and 32. Yes, there were. Yes, there were. And those are provided in the record, I believe, at A123, where they are set forth. And there were invalidity contentions on those. There was the claim construction arguments, the hearing, and the order. And then after that, the parties reached the stipulation. There were no motions for summary judgment? There were no motions for summary judgment, Your Honor. Paragraph 4, do you agree that under Ninth Circuit precedent, all of the Ninth Circuit precedent, I couldn't find anything to the contrary, if a stipulation has ambiguity in it, it is to be construed narrowly for collateral estoppel purposes? Do you agree with that? I agree with that statement as a matter of law, yes, Your Honor. And so then your argument has to be that Paragraph 4 unambiguously meant to capture 1 and 2. Because if it's ambiguous, we have to construe it in favor of Mr. Reese, i.e., construe it against collateral estoppel, right? Yes, but my argument is, I agree with you, but my argument is, even construing it narrowly, it's clear this document and the stipulation in Paragraphs 1 and 2 combined with 4, it clearly shows what the parties intended to do. Well, but Paragraph 4 says the parties stipulate that the entry of final judgment shall have collateral estoppel effect. But you just agreed with me that Paragraph 1 uses the word final judgment and Paragraph 2 uses different words, dismissal with prejudice. But then there was an entry based on the stipulation of final judgment by the court. So there was the stipulation, then the motion to the court for entry of final judgment based on this stipulation, and that's what the court did. No, the entry of final judgment, though, says this is a stipulation in joint motion for dismissal and final judgment. And then it parses out the claims to be dismissed, i.e., 23 and 32, and then parses out the other claims which are subject to judgment, and it says so expressly. Again, it does not use the words final judgment with regard to claims 23 and 32 at any place in the final judgment. It does not, Your Honor, only in the preamble, which is to show that it's to be a final judgment. No, the preamble says it's to be a motion for dismissal and final judgment, right? Yes. If it was all subject to final judgment, it would just say a motion for final judgment. Yes, it does not say that, Your Honor. It does not say that. The difference in the selection of the language dismissal with prejudice was meant to show, because of the operation of law, that a dismissal with prejudice acts as a final judgment on the merits. Well, the fact is, I mean, there is a little bit of an inconsistency in usage, as Judge Moore is pointing out, that in the beginning it's referred when final judgment is with respect to certain claims, and dismissal is with respect to other claims. But when you get to paragraph 4, doesn't that first sentence suggest that when they talk about the entry of final judgment, they're specifically talking about all claims and counterclaims, which would seem to have to encompass the claims based on 23 and 32, no? Yes, Your Honor, I agree with that. As this stipulation resolves all claims and counterclaims, it stipulates the entry of final judgment. Let me give you a hypothetical. Yes. Can the judge enter final judgment of claims that he had voluntarily allowed the plaintiff to dismiss? Yes. Really? The plaintiff dismisses claims. Claims are out of the court. Then the judge comes along and gives a final judgment. He can enter final judgment on them? No, I'm sorry, Your Honor. The dismissal would be under Rule 41 and no. So claims can be dismissed, and if those claims are dismissed, the judge no longer has the ability to enter final judgment on them, correct? Correct, correct. Do you think that the difference, the hook, is that this all occurred in the same document? So the dismissed claims could be subject to a final judgment? Yes, Your Honor, because this was done in the context of a stipulated agreement to determine how to go forward. Mr. Reese wanted to appeal the claim construction ruling, so we had to get a final judgment. We had one set of claims that there was the stipulation of non-infringement on. That's fine. We had a second set of claims that the service providers wanted gone. They wanted out for not only this case. They didn't want them coming back, and they didn't want them coming back for additional parties. Hence, the dismissed with prejudice. And then Paragraph 3, which we haven't talked about. You said they didn't want them coming back with regard to other parties? I see nothing in this stipulation that talks about other parties. The language other parties is not there, Your Honor. But that's the language in Paragraph 2 where it says, dismissal with prejudice of all infringement claims and assertions. All infringement claims, so any infringement. You are off the hook, but you're a different defendant here today. But the all infringement claims is meant to be infringement of this patent against this service, the telephone service. No, it doesn't say that. It doesn't say that. It says this is a stipulation between two parties, is it not? The parties stipulate, but the dismissal with prejudice isn't between the two parties. The parties entered into the stipulation. Has there been any question about privity between the Texas defendants and the California defendants? No, Your Honor. This is collateral stop, will not raise you to cause. What is this stipulation that we've been looking at? At the end it says, a proposed order of final judgment is attached. Do we have that document? It is at 160. Yes, it follows it. It's attached right behind it, and then you have the signed version behind that. A-157 is the stipulation. Where is the actual judgment, 161? The actual judgment is 166. The one that was attached is 161. I don't see any difference. Is there a difference between the two, except that one's signed and one's not? No, Your Honor. So they signed what you attached. He signed what you attached. Yes. Turning to the question of different parties and where that comes into, it's, again, the infringement issue is infringement of a patent against a service here, here a telephone service, the call waiting beep that you hear and the caller ID on the phone. And so any further assertion, because we also say in Paragraph 4 that we want this final for collateral estoppel purposes, for issue preclusion purposes, and we put in race judicata and claim preclusion as well, that the classic case of collateral estoppel applies it to different parties. That's the other indication of the intent that this was to be applied to different parties, having the collateral estoppel language. And this Court has applied collateral estoppel to infringement claims against different parties and subsequent lawsuits in the past. In the Sullivan, the Northern District of California did it in the Sullivan case. This Court did it in the Transocean case. What about the Hartley case? The Hartley v. Mentor case, that case had the one issue that was decided on summary judgment and the other issue was not decided at all. And the Court discussed the collateral estoppel effects on both of those as well. Your Honors, I also assert that although it was not disputed by Mr. Reese below and it was not raised in the briefing, the products are the same. And where that's set out in the appendix is at A237 in the Texas case, Mr. Reese asserts the accused product is a telephone service known as call waiting ID. At A58 in California, the assertion is the call waiting ID service as well. And then if you look at A123, the claim construction of these two, the proposed assertion of infringement in the lower case below, A123, has the application of Claims 23 and 32 against the telephone service caller ID call waiting. So it is the same service that's involved in the Texas case and the California case. Your Honors have no other questions? Thank you very much. Thank you, Mr. Conger. Ms. Huey has about three minutes. So I think what's become clear here is the parties certainly agreed to a dismissal of Claims 23 and 32 in the prior Southwestern Bell case. They separately and differently for the other claims, Claims 1, 36, agreed to non-infringement. And the dismissal with prejudice of Claims 23 and 32 cannot be collateral estoppel of the issue of whether the defendants in this case infringed those claims. Well, if we call it a final judgment, it is collateral estoppel, right? I want to be clear. No, because there is literally no case that the appellee cites that do what they're asking the court to do in this case. This would be the only case where a party was able to use collateral estoppel to an undecided issue. There is no case that they cite. I mean, I think it's important. That's not true. I mean, the restatement judgment says that that can happen. There are cases that recognize that as a result of an agreement between the parties, you can have collateral estoppel effect of something that wasn't litigated. I thought you said that. Certainly, if the parties agreed to something. Well, the question is whether they agreed. That's what we're trying to do is to interpret this stipulation. The only thing stipulation shows is the parties did not agree to non-infringement of Claims 23 and 32. That's the only thing we can say with certainty is that stipulation did not resolve that issue. Ms. Huey, doesn't the Hartley case of this court run against you? No, Your Honor. The stipulated judgment here presents the apparently rare occasion where an appellee dismissed his claim with prejudice. Such a judgment operates as an adverse adjudication on the merits of the claim. Absolutely, Your Honor. Hartley does say that. Hartley does not support what they're asking for in this case. And Hartley, there was an invalidity ruling prior to the stipulated judgment. After that, Hartley, and I'll go to, this is 1473. Hartley overstates the proposition that a settlement moves prior court rulings in a case. That's what the court's saying. In response to that argument, the court points out that the stipulation does operate as an adjudication on the merits of the claim. You're saying they overstated it. You're saying the parties overstated it or the court did? No, Hartley. Hartley, the party. Hartley was arguing that a settlement mooted the district court's prior determination. That's what Hartley said. Hartley said, yeah, yeah, I know the district court said that the patent was invalid, but you know what? We had a settlement. That's mooted. And so what the Hartley Federal Circuit Court was saying is no. That was not mooted. The party certainly could have, in the stipulation, said we moot the invalidity finding. So in responding to that argument that a settlement moots prior court rulings, the court went on to say that is not accurate. And Hartley lost on the merits. It was saying loss on the invalidity ruling that the district court made. So there was no ruling by the district court in the Southwestern Bell case. And so Hartley certainly isn't allowing a court to say, even though there was no finding by the district court and no stipulation between the parties, we're going to say that you lost on the merits, and now you can't sue anyone. But nobody's arguing for that. The question is whether the stipulation here, the language of the stipulation, was intended to be preclusive on collateral estoppel, which it refers to specifically. Certainly, and the answer is absolutely not. The parties could have put that language in. They did with the other claims. And I'd also like to point out that the only evidence in this record is that that claim construction was not adverse to Mr. Reif. Mr. Reif did not, as Judge Mori pointed out, he got what he wanted. He did not appeal that construction to the federal circuit. He did not stipulate non-infringement of those claims. And he's reasserted those claims against the defendants in this case. The defendants in this case are not relying on res judicata because they are different than the prior defendants. Ms. Buehle, your red light is on. I think that will conclude your argument. Thank you very much. We'll take the case under review.